IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Harriette Anne Taylor,<br><br>                  Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>                  Defendant. | Civil Action No. 6:11-1148-SB -KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

       The plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for supplemental security income benefits under Title XVI of the Social Security Act.

## PROCEDURAL HISTORY

       The plaintiff filed applications for disability insurance benefits and supplemental security income benefits on February 10, 2006, alleging that she became unable to work on August 12, 1999. The applications were denied initially and on reconsideration by the Social Security Administration. On December 26, 2006, the plaintiff requested a hearing. At the hearing, the plaintiff amended her alleged onset date to February 10, 2006 and withdrew her application for disability insurance benefits. The administrative law judge ("ALJ"), before whom the plaintiff and Arthur F. Schmitt, Ph.D., an

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

impartial vocational expert, appeared on August 26, 2008, considered the case *de novo*, and on September 22, 2008, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended.  The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on March 11, 2011.

The plaintiff filed this action for judicial review on May 12, 2011.  On February 9, 2012, the plaintiff filed a brief in support of her case.  On April 20, 2012, the defendant moved this court to enter a judgment with an order of reversal and remand of the cause to the Commissioner for further administrative proceedings. Under sentence four of 42 U.S.C. § 405(g), the court has power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *See Shalala v. Schaefer*, 509 U.S. 292, 296-98 (1993).

The defendant states in its motion for remand that, after additional consideration, further administrative action is necessary in this case.  In his decision denying the plaintiff's application for disability benefits, the administrative law judge improperly evaluated the opinion of a treating physician, Dr. Kolehma (Tr. 22).  Initially, the ALJ incorrectly stated that his assessment of the plaintiff's residual functional capacity was consistent, if not more restrictive, than Dr. Kolehma's conclusions about plaintiff's functioning.  The ALJ also only explicitly discounted a discrete portion of Dr. Kolehma's opinion (about the plaintiff's ability to work on a regular and continuing basis) and did not address several specific restrictions assessed by Dr. Kolehma.  Finally, the ALJ gave significant weight to the opinions of two state agency medical consultants, but their assessments were rendered two years before Dr. Kolehma's opinion, and they did not have the benefit of considering the more recent medical evidence or Dr. Kolehma's conclusions.  Therefore, the defendant contends, and this court agrees, that remand is necessary for

proper evaluation of the medical source opinions and re-evaluation of the plaintiff's limitations.

Accordingly, on order of the court, the agency's Appeals Council will remand the case to an ALJ with instructions to further evaluate the plaintiff's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of the assessed limitations. In so doing, the ALJ will properly evaluate the treating and nontreating source opinions and explain the weight assigned to such opinion evidence. The plaintiff's counsel has informed agency counsel that the plaintiff consented to remand on this basis (m. to remand at 2).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the district court grant the Commissioner's unopposed motion to remand (doc. 25), the Commissioner's decision be reversed, and the case be remanded for further administrative action as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

May 10, 2012
Greenville, South Carolina